HYNES *vs.* KIRKMAN.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The act of one member of a commercial firm who own a steamboat engaged in carrying goods on freight, binds the others *in solido* for any contract he may make in relation to the boat. And the circumstance of his contracting in his *sole name*, and not in that of the firm, while the boat is owned and navigated by the firm, binds all the partners in the same manner as if the contract had been clothed with the signature of the firm.

If the master of a steamboat, who is employed by the year, be compelled before its expiration to abandon the boat in consequence of the illegal conduct of one of the owners, he is entitled to full wages, and may claim them from all or either of the partners.

On the 29th November, 1828, the plaintiff and defendant entered into a written agreement, by which the latter agreed to employ the former as captain of the steamboat Huntsville, and to pay him one thousand five hundred dollars per year for his services. The petition stated that the plaintiff acted as captain of the boat for a period of about nine months, when he was, by the direction of the defendant, illegally and without cause, displaced from the command, whereby the defendant became liable to pay the full sum of one thousand five hundred dollars, for which judgement was prayed.

The answer admitted the agreement, but averred that at St. Louis, about the middle of July, the plaintiff abandoned the boat from fear of a criminal prosecution, in consequence of which another captain was employed, and whereby the defendant became only liable to pay wages up to the said middle of July.

It appeared from the testimony, that the boat was the property of the defendant and James Kirkman, who constituted the firm of T. & J. Kirkman, and that the plaintiff was employed by the defendant, in his sole name, and not in the name of the firm. It further appeared, that on the last trip of the boat from New-Orleans to St. Louis, James Kirkman

was a passenger on board, and that some money having been stolen, suspicion rested on a free negro (one of the hands) who, by the orders and under the direction of James Kirkman was flogged, in order to extort a confession. On the arrival of the boat at St. Louis, the negro brought suit, and the plaintiff, by the advice of Kirkman, absented himself from the boat to avoid being arrested, and to return when the danger was over. The plaintiff acted accordingly; but on his return another captain had been employed, and he was not allowed to resume the command.

On these facts, the court a qua was of opinion, and so decided, that the plaintiff was only entitled to recover wages up to the time of his leaving the boat. From this judgement the plaintiff appealed.

*Egnew*, for appellant.

1. The plaintiff has sued upon the original agreement, which was a fair and *bona fide* contract. The defendant attempts to resist a recovery on the ground that the plaintiff was absent to evade process for the commission of an illicit act, which caused his discharge. That they dismissed him on account of absence, is not proven. His absence was by their direction. The part owner on board was the husband of the boat, and the agent of both.

2. The defendants attempt to defeat a fair contract by the allegation of an illicit act to which they were parties. It is the illicit act the law reprobates, and will not allow a party to it to allege it as the means of defeating a fair and honest contract.

*Pierce, contra.*

James Kirkman had no authority to make the partnership responsible for his and plaintiff's illegal acts, or to permit the plaintiff to leave the boat to evade the laws of the country. There is a cause of action perhaps against *him*, but plaintiff

cannot make Thomas Kirkman pay for the consequences of his crimes or suffer therefor.

MARTIN, J., delivered the opinion of the court.

The plaintiff claims one year's wages as master of the defendant's steamboat, having been discharged from the command of her without a just cause.

The answer alleges, that the plaintiff abandoned the boat, before the expiration of the year, and is entitled to wages for the time he was on board; that he has been paid therefor, and he still owes a balance, for which judgement is prayed.

The plaintiff had judgement; but his wages were restrained to the period stated in the answer, and he appealed.

The testimony shows that the steamboat is the property of the defendant and James Kirkman, by whom she was built; and that they constitute the firm of T. & J. Kirkman; that the defendant engaged the plaintiff as master of the boat, by a writing in his, the defendant's, sole name, and not in that of the firm. That on her last trip from New-Orleans to St. Louis, the boat stopped at Waterloo, where J. Kirkman came on board, and soon after a sum of money having been stolen from the boat, and suspicion lighting on a free negro, one of the hands, he was taken by J. Kirkman and others over the Tennessee River, and flogged, in order to obtain his confession. But he did not admit any thing, and was flogged a second time on board. All this was done by the directions of J. Kirkman, who encouraged those he employed for that purpose, by the assertion that they incurred no liability to damages thereby, but the whole responsibility for the treatment of the negro rested on the boat. She afterwards proceeded to St. Louis, where the negro brought suit, and J. Kirkman advised the plaintiff to cross over to the Illinois side, to avoid being taken by the sheriff, and afterwards to go off and return when the danger of being arrested was over. This was accordingly done. Afterwards the boat remained at St. Louis to undergo repairs and alterations, and J. Kirk-

The act of one member of a commercial firm who own a steamboat engaged in carrying goods on freight, binds the others *in solido* for any contract he may make in relation to the boat. And the circumstance of his contracting in his sole name, and not in that of the firm, while the boat is owned and navigated by the firm, binds all the partners in the same manner as if the contract had been clothed with the signature of the firm.

If the master of a steamboat who is employed by the year, be compelled before its expiration to abandon the boat in consequence of the illegal conduct of one of the owners, he is entitled to full wages, and may claim them from all or either of the partners.

man placed another master on board, and the plaintiff on his return afterwards, was not allowed to resume the command.

There cannot be any doubt that if the defendant had done what it appears J. Kirkman did, the plaintiff would be entitled to recover his wages for the whole year. Indeed, the appellee's counsel has had the candor to admit all the allegations, except that J. Kirkman is a partner of the defendant, his joint owner of the boat. This, however, in our opinion, is fully established by the testimony, and our inquiry is directed only to his powers, as such, of binding the defendant.

The testimony shows the firm of T. & J. Kirkman, of which the defendant and J. Kirkman were the only members, was a *mercantile* one; and that the boat was employed in carrying goods for hire, for one of the witnesses speaks of her laying at Waterloo and unloading her freight.

Hence, it follows, that as the copartner of the defendant in a mercantile firm, who owned the boat, or as joint owner of a boat, engaged in carrying goods on freight, the defendant was bound *in solido* with J. Kirkman, for the acts of the latter in relation to the boat. The circumstance of the defendant having engaged the plaintiff as master of the boat, in his, the defendant's, sole name, and not in that of the firm, while the boat was owned by and navigated for the firm, does not prevent the contract being that of the firm, binding both partners, in the same manner as if it had been clothed with the signature of the firm; and susceptible of being affected in its consequences, by the acts of either partner. 8 *Martin, N. S.* 390.

The plaintiff, having been compelled by the illegal conduct of J. Kirkman, to abandon the command of and to leave the boat, is entitled to his full wages till the end of the year, and may claim them from both or either, of the defendant and J. Kirkman. The first judge, in our opinion, erred in confining him to wages up to the day of his departure.

Deducting, therefore, from the year's wages at one thousand five hundred dollars, the amount of what was paid to the plaintiff, *i. e.* five hundred and twenty-two dollars and sixty-

three cents, there is due to him nine hundred and seventy-seven dollars and thirty-seven cents.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided and reversed, and that the plaintiff recover from the defendant, the said sum of nine hundred and seventy-seven dollars and thirty-seven cents, with costs of suit in both courts.